# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS HYSELL,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES YATES, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-00192-SMS PC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S MOTION and SUPPLEMENTAL MOTION TO FILE AMENDED COMPLAINT AND TO REMAND CASE TO STATE COURT BE GRANTED<br><br>(Docs. 8 and 13) |

**I. FINDINGS**

Plaintiff originally filed this action in the Fresno County Superior Court on December 11, 2009. (Doc. 2-2.) Defendants removed the action to this Court on February 5, 2010. (Docs. 1-3.) On February 22, 2010, Plaintiff filed a notice seeking remand of this action to state court stating that following receipt of Defendants' notice of removal, he filed an amended complaint in state court removing his federal claims. (Doc. 6.) On March 8, 2010, Plaintiff filed a motion and a supplemental motion to file an amended complaint and to remand the case back to state court. (Docs. 8 and 13.)

Plaintiff may amend once as a matter of right before service of a responsive pleading by defendants. Fed. R. Civ. P. 15(a). Because Plaintiff has not previously amended his complaint and defendants have not filed a responsive pleading, Plaintiff may file an amended complaint without seeking permission from the Court. For this reason, Plaintiff's motion to file an amended complaint should be granted. As a part of the supplemental motion, Plaintiff attached

1

an amended complaint removing any claims and/or verbiage under which any claims might be construed as arising out of federal constitution and/or federal law – making clear that the only claims he intends to pursue in this action are for violations of the California Constitution and/or California law.  (Doc. 13, pp. 3-18.)

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan*, 76 F.3d at 1485; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Any contention that this action arises under federal law would not be supported by a review of Plaintiff's complaint.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal).  Although Plaintiff could have brought this action under 42 U.S.C. § 1983 for violation of his

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

federal constitutional rights, he did not.  Plaintiff's amended complaint contains clear citations to the California Constitution and various state law codes in support of his legal claims, and is devoid of any mention of the United States Constitution, section 1983, or any other federal bases for relief.  Plaintiff's decision to file suit in state court utilizing a state civil complaint form alleging state law claims demonstrates that Plaintiff exercised his right to rely exclusively on state law.  *Caterpillar, Inc.*, 482 U.S. at 392.  This Court lacks subject matter jurisdiction over this action and it should therefore be remanded to Fresno County Superior Court.

## II. RECOMMENDATIONS

Accordingly, the undersigned HEREBY RECOMMENDS that Plaintiff's motions to file a first amended complaint and to remand the action to state court filed March 8, 2010 (Docs. 8 and 13) be granted and that this action be remanded to state court.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 24, 2010**                              **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE